UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MCGOUGH & ASSOCIATES,

    Plaintiff,

v.                                                                                               Case No. 07-CV-14978

CRYSTAL N. MILLER and
WDS INVESTIGATIONS, INC.,

    Defendants.
                                                 /

**ORDER AWARDING ATTORNEY FEES**

On September 29, 2008, the court issued an order granting in part Plaintiff McGough & Associates's ("McGough's") "Motion for Relief from Defendant's Violations of Court Orders." In its order, the court found that Defendant WDS Investigations, Inc. ("WDS") violated the parties' settlement agreement as well as this court's December 27, 2007 and January 8, 2008 orders. The court ordered WDS to pay liquidated damages under the terms of the parties' settlement in the amount of $5,000 and directed McGough to submit an itemized bill of attorney fees.

Having previously ordered that attorney fees are recoverable, the court must now determine the reasonable amount of fees to award. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney fees. *Id.* at 1401 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in original and citation omitted). When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee to which counsel is entitled." *Delaware Valley,* 478 U.S. at 564 (emphasis in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

On October 8, 2008, McGough timely submitted its itemization of fees. WDS did not file any objections. The court has reviewed the itemization and finds that the requested hours and hourly rates[1] are reasonable and directly attributable to WDS's willful violation of this court's orders.[2] The court will therefore award fees in the full amount requested. Accordingly,

IT IS ORDERED that attorney fees are AWARDED against WDS and to McGough in the amount of $22,373.50. A separate judgment for attorney fees and sanctions will issue.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: October 28, 2008

---

[1] With one exception (a rate of $105), the hourly rates range from $200 to $255. These rates are "in line with those prevailing in the community" for this type of litigation. *Blum v. Stenson,* 465 U.S. 886, 897 (1984).

[2] The court notes that a large portion of the hours were allocated to researching and otherwise pursuing alternate forms of relief, which the court did not grant, in McGough's original motion for relief. The court finds that this work, however, was reasonably related to WDS's violations. Indeed, had the court found that the settlement had not been finalized, then the court may have granted the alternate forms of relief.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2008, by electronic and/or ordinary mail.

                                            S/Lisa G. Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522